**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 03-4383**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANGELIA KAREN BOBBITT,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-02-340)

─────────

Submitted: January 29, 2004        Decided:  February 9, 2004

─────────

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Gregory J. Ramage, Raleigh, North Carolina, for Appellant.  Sandra J. Hairston, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Angelia Karen Bobbitt pled guilty to conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (2000). The district court sentenced Bobbitt to seventy months of imprisonment, to be followed by a three-year term of supervised release.

Bobbitt's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising the issue of whether Bobbitt received ineffective assistance of counsel because counsel improperly advised Bobbitt to plead guilty to a crime that she did not commit. Bobbitt raises the same issue in her pro se supplemental brief. We have reviewed the record and conclude that Bobbitt's claim of ineffective assistance of counsel should be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000), because the record in this appeal does not conclusively establish ineffective assistance of counsel. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with the requirements of Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Bobbitt's conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition

would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED